# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE STONEBRAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LVNV FUNDING, LLC AND ) <br> RESURGENT CAPITAL SERVICES, L.P., ) <br> ) <br> Defendants. ) | CAUSE NO. 13-2094 |

## DEFENDANTS' TRIAL BRIEF

NOW COME the Defendants, LVNV Funding, LLC and Resurgent Capital Services, L.P. (hereinafter, "Defendants"), by their attorneys, Hinshaw & Culbertson LLP, and for respectfully submit the following Trial Brief to the Court and opposing counsel:

### Factual Summary

Plaintiff had a Bank of America credit card. After he failed to pay, and went into default on the debt, Bank of America charged off the account, and LVNV acquired the rights to collect the debt in March of 2007. Mr. Stonebraker never fully paid back the debt. LVNV utilized its account servicer, Resurgent Capital Services, to service Mr. Williams' account. In 2011, LVNV sued Mr. Stonebraker to collect the debt. He challenged the validity of the debt, and LVNV dismissed its suit, without prejudice, because, at the time, its attorneys advised it would need more documentation to succeed at trial. Resurgent acquired documents from Bank of America, specifically account statements, demonstrating Mr. Stonebrakers' deby

just before he defaulted for the last time of the credit card, in July of 2006. However, LVNV did not institute another lawsuit against him. Mr. Stonbraker disputed LVNV's reporting of his delinquent debt with the credit bureaus in December of 2012, and within 30 days of notice of the disputes, LVNV modified its tradelines to the credit bureaus to reflect his dispute. It did not remove the reporting of the debt, however, as Mr. Stonebraker did owe the debt and LVNV was entitled to report the debt until the seven-year time limit set in the Fair Credit Reporting Act had passed.

Mr. Stonebraker sued LVNV and Resurgent on August 6, 2013 for alleged violations of the FDCPA. Mr. Stonebraker alleged he has suffedered damages because of the impact of LVNV's tradeline reporting on his credit. However, as he owed the debt all along, he is not entitled to any damages. His lawsuit is brought in bad faith, and Defendants are entitled to their costs under FRCP 54(d)(1), and their attorneys' fees under 15 U.S.C. §1692k(a)(3).

**Legal Issues**

There are few legal issues present in this case. Plaintiff owed a debt. He did not pay it to his original creditor, Bank of America. LVNV acquired the rights to the receivables from that debt, and he did not pay LVNV, either. LVNV attempted to collect the debt, but was unsuccessful. Plaintiff brought this suit to harass and extort money from LVNV.

Mr. Stonebraker has testified, under oath, that he does not recall paying off the Bank of America debt, and the only reason he believes he did is because Bank of America reflect a zero balance on his credit report. Plaintiff, however, has not produced a credit report with the zero balance credit line from Bank of America, and instead has redacted all other information from his credit report. Plaintiff has produced no witnesses or statements from the creditors he claimed would not extend him credit (or would, but only under increased interest rates).

While there are no profound issued of law, there are a number of evidentiary flaws relating to Plaintiff's damages and this case. First, Plaintiff cannot claim any damages arising from the 2011 lawsuit, because the FDCPA is limited to damages arising from activities occurring in the twelve months before Plaintiff filed his lawsuit. Additionally, Plaintiff has no admissible evidence to substantiate his claims that LVNV's credit reporting harmed him in seeking credit. His only basis for these claims is based on inadmissible hearsay. He has not proffered any creditor that can testify it denied him credit because of LVNV's reporting, nor can he demonstrate that LVNV is the only negative reporting on his credit report, as he chose to self-redact the entirety of his credit report other than LVNV's tradeline.

These evidentiary issues will be addressed more thoroughly in Defendants" Motions in Limine.

## Conclusion

Mr. Stonebraker has no actual damages that are admissible at trial. He owed the debt, and should count himself lucky that he avoided paying it back. LVNV and Resurgent look forward to presenting its defense of this action at trial.

**HINSHAW & CULBERTSON LLP**

By:     /s/ *Christopher M. Garcia*
CHRISTOPHER M. GARCIA   #58521MO
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
cgarcia@hinshawlaw.com
ATTORNEYS FOR DEFENDANTS LVNV
FUNDING, LLC AND RESURGENT CAPITAL
SERVICES, L.P.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 27th day of February 2015.

Mr. Richard A. Voytas, Jr.
Voytas & Company
1 North Taylor Avenue
St. Louis, MO 63108
P: (314) 932-1068
rickvoytas@gmail.com
Attorneys for Plaintiff

                                        /s/ *Christopher M. Garcia*