**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LONNIE STONEBRAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  13-2094 |
| | ) | |
| LVNV FUNDING, LLC AND | ) | |
| RESURGENT CAPITAL SERVICES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE**
**2011 LAWSUIT AND REPORTING ACCOUNT AS DISPUTED**

NOW COME the Defendants, LVNV Funding, LLC and Resurgent Capital Services, L.P. (hereinafter, "Defendants"), by their attorneys, Hinshaw & Culbertson LLP, and respectfully move this Court to exclude all evidence, testimony, arguments, jury instructions and references relating to the lawsuit filed by LVNV against Plaintiff in 2011 and whether LVNV should have reported the account as disputed prior to Plaintiff' filing disputes with the credit reporting agencies.  In support of this motion in limine, Defendants state as follows:

1.      Under the FDCPA's statute of limitations, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The FDCPA's statute of limitations is jurisdictional and cannot be equitably tolled. *Mattson v. U.S. W. Commc'ns, Inc.,* 967 F.2d 259, 262 (8th Cir. 1992).

2.      The events pertaining to the 2011 lawsuit clearly occurred more than one year before Plaintiff filed this lawsuit on August 6, 2013.  He cannot obtain any damages arising out of that alleged wrongful conduct.

3.     Plaintiff has implied he intends to use the lawsuit history as background information to demonstrate that LVNV "has known that the alleged debt is a sham, and that LVNV funding [sic] has no evidence to substantiate the balance owed." [Doc #7, ¶21].

4.     However, Tonya Henderson testified that LVNV dismissed the lawsuit because it was advised, at the time, that it needed more documentation of Plaintiff's debt before it proceeded to a trial on the merits.  Henderson deposition, 25:6-16.

5.     LVNV obtained additional documentation, in the form of Bank of America statements evidencing Plaintiff's debt.  Id., 33:3-7.

6.     "Evidence is relevant if:(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and(b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

7.     LVNV's voluntary dismissal of the 2011 lawsuit does not make any fact of consequence more or less probable.  Plaintiff cannot be awarded any damages arising out of the 2011 lawsuit, and the events surrounding the lawsuit do not make it more or less likely that Plaintiff's debt was invalid.

8.     Plaintiff may insist that in the 2011 lawsuit is important, because it shows that LVNV was aware Plaintiff disputed the debt, but did not report it as disputed until he filed disputes with one or more credit reporting agencies.

9.     However, the Eighth Circuit has recognized, to properly assert an FDCPA claim in relation to credit reporting information presented to a credit reporting agency, the "challenged statement must have the potential to 'misl[ea]d,

2

deceive[ ], or otherwise dupe[ ]' someone in order to be actionable." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 913 (8th Cir. 2014) (citing *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818-819 (8th Cir.2012); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir.2002)).

10.     Plaintiff has not presented any evidence demonstrating that any credit reporting agency was in any way deceived because LVNV allegedly did not report its tradeline as disputed.

11.     Plaintiff has not proffered any evidence that any credit reporting agency (or anyone else, for that matter) was deceived by LVNV's alleged failure to note Plaintiff's account was disputed.

12.     Therefore, Plaintiff's allegation that LVNV failed to report the account as disputed between August 2012 and January 2013 fails to state an actionable claim under the FDCPA, and any reference to LVNV's alleged failure to report Plaintiff's account as disputed notation should not be permitted at trial.

WHEREFORE, LVNV Funding, LLC and Resurgent Capital Services, L.P. respectfully request that this Court grant their Motion in Limine and bar the Plaintiff from offering any evidence, testimony or exhibits relating to the lawsuit filed by LVNV against Plaintiff in 2011, whether LVNV did or should have reported the account as disputed prior to Plaintiff' filing disputes with the credit reporting agencies, and for any further relief this Court deem just and proper.

**HINSHAW & CULBERTSON LLP**

By:     /s/ *Christopher M. Garcia*

12627883v1 0951158

NABIL G. FOSTER, *pro hac vice*
CHRISTOPHER M. GARCIA   #58521MO
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: 314-241-2600
F: 314-241-7428
nfoster@hinshshawlaw.com
cgarcia@hinshawlaw.com
ATTORNEYS FOR DEFENDANTS LVNV
FUNDING, LLC AND RESURGENT CAPITAL
SERVICES, L.P.

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 4th day of March 2015.


_/s/ Christopher M. Garcia_

5